## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**JOSEPH LEE McCULLOUGH,**

     **Plaintiff,**

**v.**

**CHRIS BRYANT, et al.,**

     **Defendants.**

**Case No. 24-CV-183-JFH-JAR**

### OPINION AND ORDER

Plaintiff Joseph Lee McCullough ("McCullough"), appearing *pro se* and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983.  Dkt. No. 1. McCullough alleges, generally, that while detained at the Carter County Detention Center the named Defendants were deliberately indifferent to his medical needs and violated his constitutional rights.  *See id.*  Defendant Devra Atwood ("Atwood"), in her individual and official capacities, filed a Motion to Dismiss arguing McCullough failed to state a claim against her, failed to properly serve her and this Court lacks personal jurisdiction over her.  Dkt. No. 99.  McCullough did not file a response, and Atwood filed a Motion to Deem Confessed the Motion to Dismiss. Dkt. No. 120.  McCullough did not respond to the Motion to Deem Confessed.[1]

### SERVICE OF PROCESS AND PERSONAL JURISDICTION

The Court first addresses Atwood's position that this Court lacks personal jurisdiction over

---

[1] "[A] district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotations and citations omitted).  "[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."  *Id.* at 1178; *see also* LCvR 7.1(d) (only non-dispositive motions may be deemed confessed).  Accordingly, the Court denies Atwood's Motion to Deem Confessed [Dkt. No. 120] premised upon McCullough's failure to respond to the Motion to Dismiss.

her because she has not been properly served. Dkt. No. 99 at 11. As Atwood notes, the Court did grant Atwood's original motion to quash [Dkt. No. 33] because McCullough failed to respond to that motion. *See* Dkt. No. 44. However, after this ruling, Atwood continued to engage in the litigation and seek procedural relief from the Court. *See* Dkt. Nos. 80, 82. 91. Based on this participation, the Court concluded Atwood waived the defense and ordered her to answer or file a dispositive motion. *See* Dkt. No. 97. Atwood complied and filed the instant motion to dismiss. Dkt. No. 99.

Given Atwood's chosen participation, the claims against Atwood are now in a novel posture. Nevertheless, the Court finds Atwood properly and timely raised her Rule 12(b)(2) and Rule 12(b)(5) defenses in the instant Motion. *See* Fed. R. Civ. P. 12(h)(1). And the Court will consider the same.

"When a defendant seeks dismissal of a complaint based on insufficient service of process, the plaintiff bears the burden of proving that service was properly made." *Dunagan v. Lehnus*, Case No. 20-CV-393-CVE, 2021 WL 1234522, at *2 (N.D. Okla. Apr. 1, 2021) (unpublished) (citing *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)). While Rule 12(b)(5) provides the procedure for challenging the sufficiency of service of process, Federal Rule of Civil Procedure 4 provides the methods for service of process. As relevant here:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or,
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Oklahoma law provides that an individual may be served through personal service, by mail, or, in some circumstances, by publication. Okla. Stat. tit. 12, § 2004.

If a court determines that service is insufficient, dismissal is not required; rather, "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).  Dismissal may be warranted, however, if the plaintiff had sufficient opportunity to cure defects in service and failed to do so.  *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992) (affirming district court's dismissal of complaint in light of the plaintiff's "complete failure to correct his service defects after being told what was wrong").

Here, the USMS chose personal service which, under Oklahoma law, must be made in the same manner provided by Federal Rule of Civil Procedure 4(e)(2).  Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).  The proof of service filed by the USMS indicates Atwood was served at 100 S. Washington, Ardmore, OK, 73401.  Dkt. No. 15.  However, Atwood provides an unnotarized "statement" that Michelle Fox, not Atwood, was served. *See* Dkt. No. 33-1.[2]  Atwood argues since Fox was not authorized to accept service on behalf of Atwood service was insufficient.  Dkt. No. 33 at 2.

The USMS did not comport with Federal Rule of Civil Procedure 4(e)(2), nor did it substantially comply with the statutory requirements of § 2004(C)(1)(c)(1). *See Hukill v. Okla.*

---

[2]  The Court may consider affidavits and other documentary evidence when adjudicating a Rule 12(b)(5) motion to dismiss. *See Goff v. Hukill*, No. 08-CV-071-TCK, 2010 WL 2595785, at *2 (N.D. Okla. June 24, 2010) (unpublished) (quoting *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. 2008)).

*Native Am. Domestic Violence Coal.*, 542 F.3d 794, 800 (10th Cir. 2008) (noting that, "despite the defendant's failure to deny that he had received actual notice, the Oklahoma Supreme Court nonetheless [has] held" that service is "invalid based upon the statutory requirements for service by personal delivery, where the process server served 'an employee, not the defendant, at that defendant's place of employment'" (citations omitted) (quoting *Graff v. Kelly*, 814 P.2d 489, 490 (Okla. 1991))). Therefore, service upon defendant Atwood was improper.

However, there is no allegation or evidence that McCullough is in anyway responsible for the USMS's deficient attempt to serve Atwood. *See Olsen v. Mapes*, 333 F.3d 1199, 1204-05 (10th Cir. 2003) ("there is no evidence in the record that [the plaintiff] failed to cooperate with the U.S. Marshals or [was] otherwise not entitled to their service."). Under these circumstances, the Court declines to grant the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), and Atwood is entitled to another service attempt by the USMS. *Pell*, 711 F.2d at 950 n.2. The Court finds good cause to extend the time for service for an additional sixty (60) days from the entry of this Order. Fed. R. Civ. P. 4(m).[3]

### CONCLUSION

IT IS THEREFORE ORDERED that Defendant Atwood's Motion to Dismiss [Dkt. No. 99] is DENIED without prejudice.

IT IS FURTHER ORDERED that Atwood's Motion to Deem Confessed [Dkt. No. 120] is DENIED.

IT IS FURTHER ORDERED that the time for service is hereby extended for an additional sixty (60) days from the entry of this Order. The Clerk of Court shall send to McCullough one

---

[3] Because the Court is affording McCullough another opportunity to properly serve Atwood, the Court will not address Atwood's remaining arguments. Atwood may re-urge her Rule 12(b)(6) arguments once she is properly served.

blank summons in a civil action form (form AO-440) and once blank service of process form (form USM-285), all identified for Case No. 24-CV-183-JFH-JAR.  McCullough shall complete and return all forms on or before August 3, 2026, so that this Court may direct the United States Marshals Service to make a second attempt at service.[4]

IT IS FURTHER ORDERED that all current scheduling deadlines set forth in the Sixth Amended Scheduling Order [Dkt. No. 129] are STRICKEN, and the Court shall reset all deadlines upon resolution of Atwood's participation in this litigation.

Dated this 14th day of July, 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]  McCullough is advised that, as the plaintiff in this action, he is responsible for providing a complete and accurate physical or mailing address for Atwood so that the United States Marshals Service can serve her.  As provided on the USM-285 forms, McCullough may include more than one physical or mailing addresses for Atwood to provide the United States Marshals Service sufficient information regarding where Atwood may be located and served.