**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

**JOSEPH LEE McCULLOUGH,**

**Plaintiff,**

**v.** **Case No. 24-CV-183-JFH-JAR**

**CHRIS BRYANT, et al.,**

**Defendants.**

# ORDER

Plaintiff Joseph Lee McCullough ("McCullough"), appearing *pro se* and proceeding in forma pauperis, brings this federal civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Currently pending before the Court are McCullough's Motion for Protective Order [Dkt. No. 142] and Defendant Long's Motion to Compel Plaintiff to Execute Medical/Mental Health Authorization [Dkt. No. 143]. Defendants DJ Long, in his official capacity, and Chris Bryant, in his individual capacity, and the Turn Key Defendants filed responses in opposition to McCullough's Motion for Protective Order. Dkt. Nos. 145, 146, 147. McCullough did not respond to Defendant Long's Motion to Compel.

## I. Motion for Protective Order [Dkt. No. 142]

The Court first addresses McCullough's Motion for Protective Order. Dkt. No. 142. A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding discovery or limiting it to certain matters. Fed. R. Civ. P. 26(c)(1). Traditionally, the "party seeking a protective order has the burden of showing good cause for its issuance." *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, No. 05-CV-329-GKF-PJC, 2009 WL 10694083, at *2 (N.D. Okla. Apr. 24, 2009)

(unpublished).[1] McCullough contends, "the defendants are asking for [him] to sign and release past medical history dated all the way back to 2018." *Id.* at 1.[2] As well as employment history "that does not pertain to any claims made against them." *Id.* First, the Court disagrees with McCullough's assessment that his "past medical history has nothing to d[o] with [his] claims[.]" *Id.* McCullough claims the defendants withheld medical care or prevented him from receiving medical care which resulted in infection, nerve damage, and loss of motion and strength. Dkt. No. 1 at 11, 13. Therefore, as noted by the Defendants, McCullough's medical care is relevant to the nature and extent of his injuries. *See* Dkt. No. 145 at 2; Dkt. No. 146 at 2. Therefore, McCullough's Motion for Protective Order [Dkt. No. 142] is denied, in part, as it relates to McCullough's medical history.

The Court agrees with McCullough regarding any request for his employment history. The defendants contend his employment records are relevant to the "nature and extent of his alleged damages." Dkt. No. 145 at 2; *see also* Dkt. No. 146 at 2-3 and Dkt. No. 147 at 3. However, McCullough has not requested compensatory damages. *See* Dkt. No. 1 at 14. McCullough only seeks treatment and punitive damages. *Id.* Furthermore, McCullough has been incarcerated since October of 2023 and was sentenced to a twenty (20) year term of imprisonment in custody of the Oklahoma Department of Corrections on March 12, 2025. *See* Judgment and Sentence, *Oklahoma v. McCullough*, Case No. CF-2023-411 (Carter Cnty. Dist. Ct. Apr. 15, 2025). Therefore, the Court discerns no allegation of reduced earnings, earning capacity or other economic loss resulting from the defendants' conduct. McCullough's Motion for Protective Order [Dkt. No. 143] is

---

[1] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

[2] The Court's citations refer to the CM/ECF header pagination.

granted, in part, as it relates to McCullough's employment history. Accordingly, McCullough is not required to sign any authorization for the release of employment records and information or otherwise provide the defendants with any employment related history. Fed. R. Civ. P. 26(c)(1)(D).

**II. Motion to Compel [Dkt. No. 143]**

Next, Defendant DJ Long, in his official capacity, requests the Court enter an order requiring McCullough to execute a medical/mental health authorization. Dkt. No. 143 at 4; *see also* Dkt. No. 143-3. Defendant Long represents he has requested McCullough sign the medical authorizations on at least three (3) separate occasions. Dkt. No. 143 at 1-2. However, to date, McCullough has failed to do so. *Id.* As noted above, McCullough's medical history is relevant to his instant claims. *See supra*. Furthermore, McCullough did not respond to Defendant Long's instant motion. *See* Docket. Therefore, the Court grants Defendant Long's Motion [Dkt. No. 143].

On or before October 30, 2026, Defendant Long must mail the requested authorizations [Dkt. No. 143-3 at 2-7[3]], along with a self-addressed envelope with postage prepaid, to McCullough. On or before November 30, 2026, McCullough must execute the requested authorizations [Dkt. No. 143-3 at 2-7] in all places indicated by Defendant Long and return the signed authorizations to Defendant Long's counsel.

McCullough is advised that noncompliance with his discovery obligations and this Court's Order may result in sanctions under Federal Rule of Civil Procedure 37(b)(2), up to and including dismissal of this action.

[3] The Court already ruled McCullough is not required to release his employment history. Therefore, he need not sign the authorization for release of employment records and information [Dkt. No. 143-3 at 1].

IT IS THEREFORE ORDERED that McCullough's Motion for Protective Order [Dkt. No. 142] is GRANTED IN PART and DENIED IN PART. The Motion is granted to the extent any defendant seeks information and records pertaining to his past employment history. The Motion is denied to the extent any defendant seeks information and records pertaining to his past medical history.

IT IS FURTHER ORDERED that Defendant DJ Long's Motion to Compel [Dkt. No. 143] is GRANTED.

IT IS FURTHER ORDERED that on or before October 30, 2026, Defendant Long must mail the requested authorizations, along with a self-addressed envelope with postage prepaid, to McCullough.

IT IS FURTHER ORDERED that on or before November 30, 2026, McCullough must fully execute the requested authorizations and return the signed authorizations to Defendant Long's counsel.

Dated this 23rd day of October, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE